## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:

Randa Rachelle Ayers,

      Debtor(s).

Randa Rachelle Ayers,

      Plaintiff,

-vs-

Advance America Cash Advance Centers,
Inc. d/b/a Advance America.

      Defendant(s).

Case No. 26-00126-eg
Chapter 7

Adv. No. 26-

COMPLAINT

NOW COMES Randa Rachelle Ayers, through her attorneys, DeMott Law Firm, P.A., and states for her Complaint as follows:

**Allegations Applicable to All Causes of Action**

**Jurisdiction**

1. This is a core proceeding as provided in 28 U.S.C. § 157(b), and this matter is arising in a case filed under Title 11.

2. This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 157(b) and § 1334.

3. Pursuant to 11 U.S.C. § 105, this Court has power to issue any order which may be necessary and appropriate to carry out the provisions of Title 11.

4. Plaintiff was a debtor under Chapter 7 of Title 11 of the United States Code in case number 26-00126.

5.     Defendant Advance America Cash Advance Centers, Inc. d/b/a Advance America is a South Carolina corporation ("Advance" or "Defendant"), and this Court has jurisdiction over Advance.

## Factual Allegations

6.     Plaintiff filed her Chapter 7 bankruptcy on January 12, 2026.

7.      Advance was listed on Debtor's Schedule E/F as an unsecured debt.

8.     On January 12, 2026, Advance contacted Debtor via telephone regarding her unpaid debt.  Debtor informed Advance of her bankruptcy filing, but during the call, she was hung up on by Advance.

9.     Advance then called four (4) more times over the next few days leaving messages about Debtor's unpaid debt and demanding payment.

10.     On January 24, Debtor again gave Advance information about her bankruptcy filing.

11.     Thereafter, Advance continued to call Debtor approximately ten (10) times.

12.     Debtor then sent four (4) email notices to Advance notifying them of her bankruptcy.

13.     On January 30, Debtor received two (2) emails from Advance requesting payment.

14.     Advance then demanded payment via letter. The letter was dated December 12, 2025, but mailed on February 14, 2026.

**CAUSE OF ACTION**

**(Violation of 11 U.S.C. § 362, Violation of the Automatic Stay)**

15.     Advance's actions were a knowing, willful, and intentional violation of the automatic stay provisions of 11 U.S.C. § 362(a).

16.     As a result of Advance's actions, Advance should be sanctioned to the maximum amount necessary to deter such conduct in the future.

17.     Because Advance's actions were willful, Plaintiff is entitled to punitive damages pursuant to 11 U.S.C. § 362(k).

18.     As a direct and proximate result of Advance's actions, Plaintiff has suffered emotional distress, mental anguish, embarrassment, expenses, and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Award Plaintiff damages, including actual damages, statutory damages, and punitive damages, along with costs and attorney's fees; and

B.     Award Plaintiff such other relief as this Court deems equitable or appropriate.

DeMOTT LAW FIRM, P.A.
Attorneys for Plaintiff

Dated: April 10, 2026            By:     /s/ Russell A. DeMott
Russell A. DeMott
District Court I.D. 10020
DeMOTT LAW FIRM, P.A.
300 N. Cedar, Suite A
Summerville, SC  29483
(843) 695-0830
russ@demottlawfirm.com